IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NORMA J. BENNETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 3:08-0354 |
| v. | ) | Judge Trauger |
| | ) | |
| K MART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSOLIDATED**

| | | |
|---|---|---|
| NORMA J. BENNETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 3:08-0355 |
| v. | ) | Judge Trauger |
| | ) | |
| K MART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

Defendant K Mart Corporation has filed a Motion For Reconsideration of the Court's Remand Order (Docket No. 12), to which the plaintiff has filed a response (Docket No. 17). The defendant's motion is grounded in Rule 60(b), FED. R. CIV. P., (Docket No. 12 at 1), under which the court can grant relief for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

1

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b), FED. R. CIV. P. The defendant does not cite to any particular subsection as grounds for its motion.

First, the defendant attempts to persuade the court that the plaintiff's potential back pay and front pay awards, without even taking into account prejudgment interest and costs, would easily meet the $75,000 jurisdictional threshold. In an effort to be conservative in its estimate, because the plaintiff's rate of pay does not appear on the face of either of the Complaints in these consolidated cases, the defendant assumes that she was earning minimum wage. K Mart then proceeds to assume that the plaintiff was working full-time, a fact that also does not appear on the face of the Complaints but which favors K Mart's position.

Tennessee law would govern the front pay award in this case. The defendant has cited the court to an excellent opinion by now-Supreme Court Justice William C. Koch, Jr. that clearly sets out the Tennessee law in this area:

> *Where reinstatement is not feasible*, the court may award front pay. . . . In awarding front pay, courts must look at (1) the employee's future in his or her old job; (2) the employee's work and life expectancy; (3) the employee's obligation to mitigate his or her damages; and (4) the availability of comparable employment opportunities. . . .The appropriate period for an award of front pay must turn on each case's specific facts.

*Lowrimore v. Certified Industries, Inc.*, 2001 Tenn. App. LEXIS 507, at *11-*17 (Tenn. Ct. App. July 19, 2001). (emphasis added)

Under these principles, the court finds K Mart's estimates of the potential front pay award

2

in this case unpersuasive. The plaintiff is 73 years old[1] and two years ago suffered a serious injury that required "rotator cuff repair and re-attachment and bicep and tendon repairs." (Case No. 3:08-0354, Docket No. 1, Ex. 2 at 2) For these reasons, the plaintiff's work expectancy is minimal, and her chances of receiving a front pay award of any significance are small. Moreover, front pay is not awarded unless reinstatement is "not feasible," and nothing in the Complaints speaks to that issue one way or the other.

The second major argument lodged by the defendant is that this court has ignored the Sixth Circuit's decision in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000). In that case, the Court, in *dicta*, in ruling on the effect of a post-removal stipulation by the plaintiff that her damages did not exceed $75,000, stated that the Tennessee Rules of Civil Procedure allow a plaintiff to recover a judgment in excess of the amount prayed for in the complaint. The decision relied upon an incomplete quotation from Rule 54.03 of the Tennessee Rules of Civil Procedure and entirely ignored Rule 15.02 of the same rules, which provides that "amendment after verdict so as to increase the amount sued for in the action shall not be permitted." *Rogers* has been roundly criticized for this mistaken construction of the Tennessee rule by Donald F. Paine, the long-time Reporter to the Tennessee Supreme Court's Advisory Commission on the Rules of Practice and Procedure. Donald F. Paine, *Removal Jurisdiction*, 38 Tenn. B.J. 19 (2002). In any case, *Rogers* is distinguishable from the issue here, as the plaintiff has not entered into a post-removal stipulation.

The defendant has failed to convince the court that it erred in concluding that the defendant

---

[1] The Complaint in Case No. 3:08-0354 states that the plaintiff was born August 6, 1934 (Docket No. 1, Ex. 2 at 2), which would make her 73. The plaintiff's responsive brief states that she was born August 5, 1931 (Docket No. 17 at 3), which would make her 76. The court must rely upon the language in the Complaint.

3

had not demonstrated by a preponderance of the evidence in either of these cases that the amount in controversy exceeds $75,000. For the reasons expressed herein, the Defendant's Motion for Reconsideration (Docket No. 12) is **DENIED**. The stay of the Remand Order (Docket No. 14) is **LIFTED**, and the Clerk shall **REMAND** these cases to the courts of Rutherford County, Tennessee, as previously ordered (Docket No. 11 at 3).

It is so **ORDERED**.

ENTER this 19th day of June 2008.

ALETA A. TRAUGER
U.S. District Judge